Memorandum: Petitioner commenced this proceeding pursuant to CPLR 7511 (b) seeking vacatur of the arbitration award on the ground that arbitration was not available because under Insurance Law § 5105 (a) neither of the vehicles involved in the collision was “used principally for the transportation of persons or property for hire.” We conclude that Supreme Court erred in granting the petition to vacate the arbitration award and in denying the cross motion to confirm the award. Inasmuch as petitioner failed to apply for a stay of arbitration before arbitration, petitioner waived its contention that respondent’s claim for reimbursement of first-party benefits is not arbitrable under Insurance Law § 5105 (see Matter of Liberty Mut. Ins. Co. [Allstate Ins. Co.], 234 AD2d 901 [1996]). In view of that waiver, petitioner may not thereafter seek to vacate the arbitration award on the ground that the arbitration panel exceeded its power (see id.; Matter of Utica Mut. Ins. Co. v Incorporated Vil. of Floral Park, 262 AD2d 565, 566 [1999]; see also Rochester *1154 City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 583 [1977]).
Were we to reach the issue whether respondent’s vehicle was used principally for the transportation of persons or property for hire under Insurance Law § 5105, we would agree with our dissenting colleagues that the appropriate standard of review is whether the award was arbitrary and capricious (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). However, despite acknowledging that we must apply a deferential standard of review, the dissent proceeds to conduct, with laser-like precision, a comprehensive legal analysis of the statutory phrase “vehicle used principally for the transportation of persons or property for hire” (§ 5105). In reaching a legal conclusion as to the appropriate definition to be assigned to the subject phrase, the dissent relies upon eight different definitions of or references to the phrase “vehicle for hire,” which the dissent concedes arise in “other [statutory or legal] contexts.” Notably, none of those definitions or references relied upon by the dissent was raised during arbitration or on appeal.
As the court recognized, petitioner has “contended from the outset that there is no legal or factual basis here for loss transfer pursuant to [Insurance Law § ] 5105,” and we disagree with the dissent’s conclusion that “at no point during the course of the proceedings in this matter did petitioner take the position that the claim was not arbitrable.” Indeed, in addition to labeling its defense as one for “lack of jurisdiction,” petitioner twice asserted in the arbitration that it was “not subject to the loss transfer procedure.” Thus, we have no difficulty concluding that petitioner took the position that the claim was not arbitrable. In concluding that the phrase assigned to petitioner’s defense (lack of jurisdiction) is not dispositive, our dissenting colleagues fail to offer any explanation of what was otherwise meant thereby. Moreover, the dissent’s reliance on Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund (47 AD3d 633 [2008]) is misplaced because, unlike here, the petitioner in Progressive “at no point during the course of the proceedings . . . [took] the position that the arbitration panel lacked jurisdiction or that the . . . claim was not arbitrable” (id. at 634 [emphasis added]). Thus, that case does not support the dissent’s position that petitioner, despite labeling its defense as one for “lack of jurisdiction,” did not assert that the claim was not arbitrable.
Both the dissent and the court disregard controlling precedent of this Court in determining that petitioner’s contention *1155 was not waived (see Liberty Mut. Ins. Co., 234 AD2d 901). The doctrine of stare decisis “recognizes that legal questions, once resolved, should not be reexamined every time they are presented” (Dufel v Green, 198 AD2d 640, 640 [1993], affd 84 NY2d 795 [1995]). “ ‘The doctrine . . . rests upon the principle that a court is an institution, not merely a collection of individuals, and that governing rules of law do not change merely because the personnel of the court changes’ ” (People v Taylor, 9 NY3d 129, 148 [2007], quoting People v Bing, 76 NY2d 331, 338 [1990], rearg denied 76 NY2d 890 [1990]). Stare decisis “ ‘is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process’ ” (id.; see People v Damiano, 87 NY2d 477, 488-489 [1996] [Simons, J., concurring]; Baden v Staples, 45 NY2d 889, 892 [1978]).
Here, this Court has previously held that, by failing to apply for a stay before arbitration, an insurer waives the contention that the claim is not arbitrable under Insurance Law § 5105 (Liberty Mut. Ins. Co., 234 AD2d 901). In the instant matter, the court acknowledged our decision in Liberty Mut. Ins. Co., but concluded that it was overruled by Motor Veh. Acc. Indem. Corp. (89 NY2d 214). That was error. Indeed, the Court of Appeals in Motor Veh. Acc. Indem. Corp. did not hold that insurers are precluded from obtaining judicial review of the threshold question of whether a claim was subject to loss-transfer arbitration under section 5105. Rather, the courts of this State have long recognized that a court has the power to resolve the threshold question whether a loss-transfer arbitration should be stayed under CPLR article 75 (see Matter of State Farm Mut. Auto Ins. Co. v Aetna Cas. & Sur. Co. 132 AD2d 930, 931 [1987], affd 71 NY2d 1013 [1988]; City of Syracuse v Utica Mut. Ins. Co., 90 AD2d 979 [1982], affd 61 NY2d 691 [1984]; Utica Mut. Ins. Co., 262 AD2d 565; Liberty Mut. Ins. Co., 234 AD2d 901).
Motor Veh. Acc. Indem. Corp. (89 NY2d 214), also relied upon by the dissent as a basis for concluding that the award is arbitrary and capricious, involved an “erroneous application of the Statute of Limitations” by the arbitrator (id. at 224). In concluding that such an error of law was not arbitrary and capricious as a matter of law, the Court in Motor Veh. Acc. Indem. Corp. noted the varying interpretations of the limitations rule by the courts. Here, there is a paucity of decisions interpreting the phrase “for hire” in the Insurance Law § 5105 context, and our own decision on this point noted that the statute is “inartfully drafted” and does not limit the universe of vehicles *1156 embraced thereby to “taxis and buses, and livery vehicles” (State Farm Mut. Auto. Ins. Co., 132 AD2d at 931). Therefore, even assuming, arguendo, that we could reach the issue, we would conclude that, under the circumstances presented, it cannot be said that the arbitration panel’s award was arbitrary and capricious or was unsupported by any reasonable hypothesis (see Motor Veh. Acc. Indem. Corp., 89 NY2d at 224).
All concur except Peradotto and Sconiers, JJ., who dissent and vote to affirm in the following memorandum.